IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CR-177-GKF |
| | ) | (08-CV-359-GKF) |
| TONY RAY FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant Tony Ray Ferguson's pro se motion seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on June 18, 2008.[1]  Dkt. # 48.

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,  may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a).

**Background**

On July 28, 2004, after receiving information from a reliable confidential informant, law enforcement officers executed a federal search warrant for cocaine and firearms at Ferguson's residence, 2056 East Young Place in Tulsa, Oklahoma.  There were four people in the house at the time of the search: Ferguson, his girlfriend Shelly Dixon, his cousin Kamaria Clardy and her minor child.  In searching the house officers discovered crack cocaine in a trash can next to Ferguson's

---

[1] As a preliminary matter, the Court finds that because resolution of Ferguson's § 2255 petition requires consideration of matters set forth in his presentence report dated December 15, 2005, the Clerk shall be directed to file the presentence report of record under seal.

bed, a 9mm pistol inside a laundry basket next to his bed, two rounds of 9mm ammunition on his bed, and a plastic baggie containing marijuana, two sets of digital scales containing white powder residue; and fifteen rounds of .38 special caliber ammunition on his dresser. They also found digital scales containing white powder residue in his kitchen, one round of .38 caliber ammunition in his dining room, and two rounds of .38 special ammunition on a table next to the front door. A plastic baggie containing marijuana was located in a room occupied by his cousin. After the search, Ferguson's girlfriend Shelly Dixon gave the officers a written statement denying that she possessed the firearm or the drugs found in Ferguson's home on July 28, 2004. Dkt. # 55, Ex. A.

On November 3, 2004, Ferguson was named in a one count indictment charging him with possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).[2] Dkt. #1. The indictment contained a sentencing allegation that Ferguson used or possessed the firearms in connection with another felony offense.[3] Dkt. # 1 at 3.

On June 27, 2005, Beverly Atteberry, a member of the Criminal Justice Act ("CJA") panel, was appointed to represent Ferguson. Dkt. # 4. On August 18, 2005, Ferguson waived trial by jury and, without a plea agreement, pled guilty to the charges in the indictment.[4] Dkt. # 36. On

---

[2] The indictment listed three prior felony convictions which qualified as violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2): possession of cocaine with intent to distribute on August 26, 1993, in Oklahoma County District Court; possession of a firearm while committing a felony on August 26, 1993, in Oklahoma County District Court; and accessory after the fact/felony on October 11, 1999, in Tulsa County District Court.

[3] That is, the felony offense of knowingly possessing cocaine base (crack), in violation of 21 U.S.C. § 844(a)

[4] On June 27, 2005, when officers located and arrested Ferguson on the outstanding warrant in this case, they found in his possession 4.93 grams of crack cocaine. Ferguson was subsequently charged in a second indictment, assigned Case No. 05-CR-145-HDC, for knowingly possessing crack cocaine. He plead guilty and was sentenced to 12 months imprisonment to run concurrent to the sentence imposed in this case. Dkt. # 25 at 2. In his instant § 2255 petition,

February 13, 2006, Ferguson was sentenced to 87 months imprisonment, a $1,000 fine, and a term of three years supervised release. Dkt. # 25. On February 23, 2006, counsel filed a notice of appeal on Ferguson's behalf. Dkt. # 26. She then filed an Anders brief, advising that Ferguson's appeal was frivolous and moved to withdraw as counsel.[5] Dkt. # 46. See United States v. Ferguson, 226 Fed.Appx. 849 (10th Cir. 2007)(unpublished). Although Ferguson did not file a brief, he filed a pleading with the Tenth Circuit arguing that the trial judge improperly enhanced his sentence under U.S.S.G. § 2K2.1(b)(5) for possessing a firearm "in connection with" another felony offense. Id. at 850. On June 20, 2007, the Tenth Circuit dismissed Ferguson's appeal as frivolous. The court determined that the four-level enhancement was proper because "a weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under §2K2.1 (b)(5)." Id. at 851. Ferguson did not file a petition for writ of certiorari. His conviction became final ninety days later, on September 19, 2007, when his time to file a petition for certiorari expired. See Clay v. United States, 537 U.S. 522, 527 (2003). Ferguson filed his § 2255 petition on June 18, 2008, within the one year statute of limitations. This is Ferguson's first § 2255 petition. Accordingly, the Court finds that Ferguson's motion is timely and that it has jurisdiction to proceed to determine the merits.

**Issues Raised**

(1) Whether counsel was constitutionally ineffective in failing to present at the sentencing hearing an affidavit from Ferguson's ex-girlfriend Shelly Dixon that she possessed crack cocaine on or about July 26, 2004. Dkt. # 48 at 4.

---

Ferguson does not challenge his conviction or sentence in Case No. 05-CR-145-HDC.

[5] Anders v. California, 386 U.S. 738 (1967) (holding that counsel give notice to the appellate court if an appeal is wholly frivolous after a conscientious examination of the case).

3

>   (2)   Whether counsel was constitutionally ineffective in failing to challenge government's proof that Ferguson was previously convicted of a felony charged in the indictment. Dkt. # 48 at 6.

**Discussion**

The Sixth Amendment requires that criminal defendants receive effective assistance of counsel both at trial and during a direct appeal as of right. Romero v. Tansy, 46 F.3d 1024, 1029 (10th Cir. 1995) (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985)). To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Review of counsel's performance must be highly deferential. Id. at 689.

To establish the second prong, a defendant must show prejudice resulting from counsel's performance. Strickland, 466 U.S. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

In his first claim, Ferguson contends counsel was constitutionally ineffective in failing to introduce at the sentencing hearing an affidavit from his ex-girlfriend Shelly Dixon wherein she admitted that without Ferguson's knowledge she possessed crack cocaine on or about July 26, 2004.

4

As an initial matter, the Court notes that Ferguson essentially raised this same assertion unsuccessfully on direct appeal. See Ferguson, 226 Fed. Appx. at 850-51.

The record contains the following facts. The presentence report included a four-level enhancement under § 2K2.1 (b)(5) for Ferguson's possession of a firearm in connection with the felony offense of possession of a controlled substance. Presentence Report at 7. The probation officer also recommended a three-level reduction in his base offense level for Ferguson's acceptance of responsibility. Presentence Report at 8. The justification for the recommended three-level reduction was included with the report:

> The defendant pled guilty to the instant offenses and in an interview with the U.S. Probation Officer, the defendant admitted that he possessed the firearms subsequent to his conviction for a felony offense. He also admitted that at the time of his arrest, he was in possession of a quantity of cocaine base.

Presentence Report at 7, ¶ 16.

At the sentencing hearing held on January 19, 2006, defense counsel advised the trial judge that Shelly Dixon was willing to appear and testify that the drugs found in Ferguson's home were hers, rather than Ferguson's, thereby refuting the application of U.S.S.G. § 2K2.1(b)(5). Dkt. # 39 at 2-3. Dixon's attorney appeared at the hearing in her place, however, and announced that his client would not be appearing because government had informed him it was prepared to file perjury charges against her for lying. Dkt. # 39 at 3. The trial judge was also informed that Ms. Dixon had provided counsel Atteberry with a written statement of her testimony. Dkt. # 39 at 2. At defense counsel's request, the trial judge continued the sentencing hearing to allow her to subpoena Ms. Dixon. Dkt. # 39 at 12. The hearing was continued until February 13, 2006.

At the February 13, 2006 sentencing hearing, counsel Atteberry stated that her process server was unable to contact Ms. Dixon. She explained:

> I will be filing a copy of an affidavit from the process server. He did try and serve Ms. Dixon several times including making verbal contact with the phone number that he had for her at her residence. He spoke to a male at the residence. However, she never called back, but they did go out to the residence three times. There were cars present, but no one would answer the door, they were unable to serve her. She is not present here in the courtroom, Your Honor. And I believe with that, Your Honor, we will need to proceed to sentencing.

Dkt. # 40 at 2-3. Government then introduced the testimony of federal agent Joshua Petree who testified that his confidential informant purchased controlled drugs from Ferguson on numerous occasions and Ferguson often had a firearm either in his possession or in his presence during the drug transaction. Dkt. # 40 at 5-6. A controlled buy was arranged between the confidential informant on July 14, 2004, just fourteen days prior to execution of the search warrant. Dkt. # 40 at 9. At the sentencing hearing, based on the evidence, the trial judge entered the following findings:

> I have looked carefully at the facts that have – that are not at issue that are admitted in this case. And with the buys from the confidential informant that have been verified by the observations of the officers, the circumstances of this whole matter, the Court is clearly of the opinion that the sentencing report is accurate, it's correct . . .

Dkt. # 40 at 24.

In his petition, Ferguson has attached Shelly Dixon's affidavit, dated January 3, 2006, and represented it as a copy of the affidavit that she gave to counsel Atteberry prior to the January 19, 2006, sentencing hearing. In her affidavit Ms. Dixon attests that she possessed some crack cocaine on or about July 26, 2004, that Tony Ferguson was not aware of it, and that the cocaine did not belong to him. Dkt. # 48, Attachment A. Ferguson claims this affidavit refutes government's evidence, the application of the four-level enhancement under § 2K2.1(b)(5), and supports his claim of ineffective assistance of counsel for not introducing Ms. Dixon's affidavit at the sentencing hearing.

The Court finds that as to Ferguson's first claim, he has failed to establish ineffective

6

assistance of counsel because there is no merit to his claim.  First, the record shows that Ferguson's admission to the probation officer prior to sentencing, that he possessed a firearm and cocaine base at the time of his arrest,  refutes any claim that Ms. Dixon possessed crack cocaine on July 28, 2004.  Second, Ms. Dixon's affidavit was inconclusive because the search of Ferguson's residence which led to the issuance of the indictment took place on July 28, 2004, which was two days after the date Ms. Dixon possessed cocaine without Ferguson's knowledge.  Third, it is clear that Ms. Dixon was purposely avoiding serve of summons and was unwilling to take the witness stand and testify that the cocaine located in Ferguson's home on July 28, 2004 belonged to her.  Her testimony was subject to impeachment because it was inconsistent with the statement she gave officers on July 28, 2004.  Also her statement was inconsistent with the location of the cocaine in Ferguson residence.  The close proximity of the cocaine to Ferguson's firearm, and both being located in Ferguson's bedroom, supported the conclusion that the drugs belonged to him, rather than Ms. Dixon.

The facts of the case and applicable law, overwhelmingly supported the trial judge's conclusion that Ferguson possessed the firearm in connection with possessing cocaine base and rendered Mx. Dixon's affidavit irrelevant.   In United States v. Draper, 24 F.3d 83 (10th Cir. 1994), the court held the four-level enhancement was applicable for using a firearm in connection with another felony, namely, drug trafficking, even though the other felony occurred three months prior to the firearm offense.  Id at 85.  Agent  Petree's testimony established this fact.  The close proximity of the firearm and the crack cocaine, standing alone, was sufficient to invoke application of § 2K2.1(b)(5).  In United States v. Andino, 19 Fed. Appx. 831 (10th Cir. 2001)(unpublished)[6],

---

[6] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed.R.App. 32.1:10th R. 32.1.

in addressing the issue of whether a firearm was possessed "in connection with another felony offense" the court held, "[a]s handguns are widely recognized as a tool of the drug dealers trade, a weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)(5)." Id. at 833.  In this instance, the officers located crack cocaine in a trash can next to Ferguson's bed and a 9mm pistol inside a laundry basket next to his bed, and two rounds of 9mm ammunition on his bed. See also  United States v. Martinez, 258 F.3d 760, 761-62 (8th Cir. 2001)(§ 2K2.1 (b)(5) enhancement proper where drugs found in living room and hall closet and gun found on top of wooden chest in dining room), *cited with approval in* United States v. Andino, 19 Fed. Appx. at 834.

Counsel's decision not to introduce into evidence the affidavit of Ms. Dixon may be viewed as sound trial strategy because the reliability and credibility  of the affidavit was subject to attack. "Strategic decisions of trial counsel are ordinarily shielded from charges of ineffectiveness. Tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." United States v. Murphy, 156 Fed. Appx. 90, 93 (10th Cir. 2005).

Further, Ferguson fails to meet the prejudice prong of Strickland by failing to show that, but for the admission of Ms. Dixon's affidavit, "the outcome of the proceeding likely would have changed." Miller v. Champion, 161 F.3d 1249, 1256-57 (10th Cir. 1998).  Ferguson's admission to the probation officer that he possessed crack cocaine at the time of his arrest refutes any claim that the outcome of sentence would have changed. The Court therefore finds that counsel's performance was not deficient in failing to introduce Shelly Dixon's affidavit nor has Ferguson shown he was prejudiced by the lack of this evidence at his sentencing.

In his second claim, Ferguson contends counsel Atteberry was constitutionally ineffective

in failing to challenge the validity of one of his prior convictions. Specifically, he asserts counsel should have required the government to prove that Ferguson was the individual named in a prior conviction listed in the indictment. Dkt. # 6. First, the Court observes that there are three prior convictions listed in the indictment. Ferguson does not identify which prior conviction he is challenging. Second, in his Petition to Enter Plea of Guilty, Ferguson attests that he "was previously convicted of a felony and received a sentence of greater than one year on the sentence." Dkt. # 36, Attachment 2 at 3. At the plea hearing, the trial judge read the indictment to Ferguson including the three prior felony convictions he was charged with committing, and asked Ferguson whether he understood the charges. Dkt. # 44 at 5. In response, Ferguson answered, "Yes, sir." Dkt. # 44 at 6. The trial judge asked Ferguson to answer under oath how he pled to the charges in the indictment. Dkt. # 44 at 10. Ferguson's answer was "Guilty." Dkt. # 44 at 10.

The record establishes and the Court so finds that because Ferguson admitted to the validity of his prior felony convictions, he relieved the government of the need to offer proof of validity. Therefore the Court finds that counsel was not ineffective in failing to challenge the government's proof that Ferguson was previously convicted of the felonies charged in the indictment. Thus, the Court finds there is no merit to Ferguson's second claim.

## Conclusion

The Court finds that defendant Ferguson has failed to demonstrate that his counsel's performance was constitutionally deficient. Section 2255 provides that the district court shall conduct a hearing unless the motion and records conclusively show that defendant is entitled to no relief. In this case, the Court concludes that the record conclusively shows that defendant Ferguson is entitled to no relief, and a hearing is unnecessary.

**IT IS HEREBY ORDERED that:**

1. The Clerk shall file the presentence report dated December 15, 2005 of record under seal.

2. Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody (Dkt. # 48) is **DENIED.**

3. A separate judgment is entered herewith.

**DATED** this 11th day of December, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma