IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04-CR-0177-001-GKF |
| v. ) | |
| ) | USM Number: 09776-062 |
| TONY RAY FERGUSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Docket No. 65], and motion to reduce or correct sentence pursuant to Fed. R. Crim. P. 35 [Docket No. 66]. Defendant's § 3582(c) motion requests a reduction of sentence pursuant to retroactive Amendments 599, 706 and 709. In defendant's Rule 35 motion, he seeks a sentence reduction offering the same Amendment 706 argument presented in his § 3582(c) motion.

Defendant pleaded guilty to a one-count Indictment in case 04-CR-177-HDC, charging possession of firearm and ammunition after former conviction of a felony, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Defendant also pleaded guilty to a one-count Indictment in case 05-CR-145-HDC, charging simple possession of cocaine base, in violation of 21 U.S.C. § 844(a). The cases were merged for sentencing, wherein the Court imposed a sentence of 87 months as to case 04-CR-177, and 12 months as to case 05-CR-145, said terms to run concurrently, each with the other. In determination of sentence, the Guidelines view multiple cases the same as a single case involving multiple counts. As such, cases 04-CR-177 and 05-CR-145 came together to determine a combined offense level, pursuant to USSG §§3D1.1-3D1.4. The sentencing Court imposed its sentence based

on a total offense level of 21 and criminal history category V, for a sentencing range of 70 to 87 months. In reaching this guideline range, the Court determined the adjusted offense level for case 04-CR-177 was level 24 under USSG §2K2.1, and the adjusted offense level for case 05-CR-145 was level 8, pursuant to USSG §2D2.1. Application of the multi-count adjustment procedure resulted in a combined adjusted offense level 24, reduced three levels for acceptance of responsibility, for a total offense level of 21 for both cases. Case 04-CR-177, the firearms count, carried a maximum statutory penalty of ten years, thus it controlled the sentence because of the twelve-month statutory maximum in case 05-CR-145.

The Court will first address defendant's motion to reduce or correct sentence under Rule 35 [Docket No. 66]. Although not specified by defendant, the Court will construe defendant's motion as one pursuant to Rule 35(a), a motion to correct clear error.[1] Defendant argues for reduction or correction of sentence based on application of retroactive Amendment 706. To the extent defendant brings this action under Rule 35(a), his motion is untimely. Rule 35(a) allows the sentencing court to correct a sentence within seven days of sentencing if the error resulted from arithmetical, technical, or other clear error. Defendant's motion is filed more than seven days after sentencing. A district court does not have jurisdiction to resentence a defendant under a Rule 35(a) motion more than seven days after imposition of sentence. See United States v. Green, 405 F.3d 1180, 1186 (10th Cir. 2005). Further, even the most liberal construction of defendant's claim is unavailing because the Rule 35(a) motion, even if timely, does not provide an appropriate vehicle for his claim.

---

[1] Rule 35(b), reduction of sentence for substantial assistance, is not applicable because such motion only allows a response to a motion by the government.

The Court next turns to defendant's motion for reduction of sentence under § 3582(c), citing retroactive Amendments 599, 706 and 709.

AMENDMENT 599

Retroactive Amendment 599, effective November 1, 2000, expanded the commentary in Application Note 2 of §2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes) to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive enhancements contained in the guidelines for those other offenses. See Guidelines Manual Appendix C, Volume II, p. 69-70.  Defendant argues the Court improperly enhanced his sentence by applying §2K2.1(b)(5) for possession of the same firearm that is the subject of the instant conviction, thus constituting impermissible double counting. Defendant misinterprets Amendment 599, reading the amendment to bar any firearms-related enhancement. The amendment is narrow in scope, baring a firearm enhancement for a defendant convicted of a § 924(c)(1) count and its underlying count, and only then if both counts cite use or possession of the same weapon.  The purpose of the rule is to avoid the likelihood of double counting brought about by the mandatory minimum consecutive penalty requirements of a § 924(c)(1) conviction. Amendment 599 is not applicable to defendant's case because defendant was convicted of possession of a firearm or ammunition after former conviction of a felony, in violation of 18 U.S.C. § 922(g)(1), not possession or use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Amendment 599 has no bearing on application of defendant's guideline sentence.

AMENDMENT 706

Retroactive Amendment 706 revises USSG §2D1.1 to reduce the base offense level for many

convictions involving crack cocaine. Defendant again cites the four-point enhancement levied under §2K2.1(b)(5) in case 04-CR-177, and argues this enhancement invokes a sentence reduction under Amendment 706.  The offense level for case 05-CR-145, the case charging possession of crack cocaine, was determined by application of §2D2.1, the unlawful possession guideline, not §2D1.1, the guideline for more serious crimes involving manufacture and distribution. Because §2D1.1 was not utilized in calculation of the guidelines, Amendment 706 is not applicable.  Amendment 706 does not apply to USSG §2K2.1.  The Court notes that even if Amendment 706 was applicable and did lower the offense level for case 05-CR-145, the final sentence would not change because the offense level for case 04-CR-177 remains the greater of the two and, pursuant to §§3D1.3-5, case 04-CR-177 would continue to control the length of sentence.

AMENDMENT 709

Retroactive Amendment 709, effective November 1, 2007, addressed two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score.  The amendment simplifies the rules for counting multiple prior sentences, by eliminating use of the term "related cases" and instead using the terms "single" or "separate" sentences. Under the amendment, the initial inquiry is whether the prior sentences were for offenses that were separated by an intervening arrest (i.e., the defendant was arrested for the first offense prior to committing the second offense).  If so, they are to be considered separate sentences, counted separately, and no further inquiry is required.  See Guidelines Manual Supplement to Appendix C, p. 238-239. Defendant requests correction of his criminal history category by virtue of the rule changes prompted by Amendment 709. The presentence report cites three prior adult convictions as the only

criminal history resulting in Chapter Four computations. None are misdemeanor or petty offenses, leaving the modified rule on counting multiple prior sentences the focus of consideration. Defendant was first convicted in Oklahoma County case CF-93-42 on August 26, 1993 (PSR, ¶ 41). According to the Information, the crimes occurred on January 3, 1993, and defendant was arrested for these crimes on May 12, 1993. Defendant was next convicted in Tulsa County case CF-98-3266 on October 11, 1999 (PSR, ¶ 42) . According to the Amended Information, the crime occurred on June 15, 1998, and defendant was arrested for this crime on October 7, 1998. Defendant's last conviction was in Payne County case CF-02-359 (PSR, ¶ 43). He was sentenced on January 23, 2004, following his arrest on February 17, 2002. The Information alleges the offenses occurred on February 17, 2002. The record clearly establishes that defendant was arrested for the Oklahoma County offenses prior to committing the Tulsa County offense, and was arrested for the Tulsa County crime prior to committing the Payne County offenses. Defendant's prior sentences were for offenses that were separated by intervening arrests. Because the Chapter Four guidelines applied at the original sentencing are consistent with Amendment 709 rules, the amendment does not have the effect of lowering defendant's applicable guideline range.

A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. USSG §1B1.10(a)(2)(B). As the facts establish that defendant's sentences were not based on a sentencing range that has subsequently been lowered by the Sentencing Commission by Amendments 599, 706 or 709, this Court does not have jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence

5

pursuant to 18 U.S.C. § 3582(c) [Docket No. 65], and defendant's motion to reduce or correct sentence pursuant to Fed. R. Crim. P. 35 [Docket No. 66], are **denied due to lack of jurisdiction**.

**DATED** this 17th day of June, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma